UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| MERIAL LIMITED and MERIAL SAS, | |
| Plaintiffs, | |
| v. | Civil Case No. 3:12-cv-00075-CDL |
| VELCERA, INC. and FIDOPHARM, INC. | |
| Defendants. | |

**DEFENDANTS' MOTIONS (1) TO STRIKE PORTIONS OF THE EXPERT
REPORT AND DECLARATION OF LEONORE C. WITCHEY-LAKSHMANAN,
(2) TO BAR REDUNDANT TESTIMONY, (3) TO LIMIT EXAMINATION
TIME, AND (4) TO STRIKE DECLARATION OF DONALD SCHWARTZ**

At 10:26 p.m. last night, Merial served its reply brief in support of its Motion for Preliminary Injunction along with five declarations (including declarations by four experts totaling about 116 pages) and a partial production of data prepared years ago that purport to relate to its claim of synergy. Many of these experts offer redundant opinions—a strategy transparently designed to frustrate Velcera's ability to prepare for the June 21-22 hearing. Merial also is refusing to make one of the declarants (Donald Schwartz) available for cross-examination.

To make matters worse, one of Merial's new declarations, submitted by Dr. Leonore Witchey-Lakshmanan, offers—*for the first time in this proceeding*—an expert opinion that Velcera's products infringe the '329 patent. In its moving papers, Merial relied *solely* on collateral estoppel to support its position that it is likely to succeed on the merits of its infringement claim. In its reply, however, Merial is attempting to offer this new, alternative

ground for infringement.  Yet, Merial offers no excuse for failing to include that argument and expert opinion in its moving papers.

This is sandbagging. Notwithstanding that all of these declarations could have been submitted with its opening brief, particularly given that Velcera laid out both its noninfringement and invalidity position in the previous proceeding, in the interests of conservation of resources, the Court should, at a minimum, disregard Merial's untimely arguments and evidence in relation to infringement and order the following, immediate relief in advance of the hearing:

- The Court should strike portions of the Expert Report and Declaration of Leonore C. Witchey-Lakshmanan (D.I. 13-7 ¶¶ 55 through 134), which advances new infringement arguments that Merial failed to raise in its opening brief and therefore has been waived.  The Court also should bar Dr. Witchey from testifying that Velcera's products at issue infringe the '320 patent—an opinion offered for the first time last night.

- The Court should bar Merial from calling expert witnesses to offer redundant testimony and order Merial to notify Velcera as soon as possible (preferably by close of business today) which witness will testify on each of the following topics: (a) *prima facie* obviousness, (b) secondary considerations of non-obviousness, (c) § 112 disclosure requirements, and (d) Dr. Marchiondo's testing for synergy.  Merial has offered three witnesses to testify about these issues (Drs. Witchey, Clark and Rust).

- The Court should restrict each side to 5.5 hours of examination time to ensure the hearing is completed in the allotted two days.

- The Court should strike the Schwartz Declaration because Merial is refusing to make Mr. Schwartz available for cross-examination.

## ARGUMENT

### I.    Merial Waived The Right To Offer Expert Testimony On The Merits Of Whether Velcera's Products At Issue In This Case Infringes.

In its motion for a preliminary injunction, Merial acknowledged that it carries the burden of showing likelihood of success on the merits of its claim for patent infringement.  Br. at 8. Yet, it did not raise *any* argument or offer *any* evidence (much less an expert opinion) that Velcera's new PetArmor® Plus products actually infringe the '329 patent.  In other words, Merial did *not*, as it must to prove infringement on the merits, (1) offer any construction of the '329 patent's relevant claims or (2) compare Velcera's new products to any such properly-construed claims.  *Tex. Instruments Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1563 (Fed. Cir. 1996).  Instead, the *only* argument Merial raised regarding infringement was that "Velcera is collaterally estopped from asserting that the [new] PetArmor Plus products . . . do not satisfy the 'synergistic effective amounts' elements as recited in the claims of the '329 patent." Br. at 11.

Merial apparently has realized that its collateral estoppel is meritless.[1]  It thus argues, for the first time, that "even in the absence of collateral estoppel, Velcera infringes the '329 patent." D.I. 13 at 5.  In support of this new, alternative argument, Merial submitted the 42-page report of Dr. Witchey, whom Merial asked "to provide [an] opinion as to whether the 2012 Version of the PetArmor Plus products meets the elements of at least Claims 4, 26, 77, 85, 101, and 106-108 of

---

[1] Tellingly, Merial failed to address Velcera's argument that issues decided by a default judgment are not "actually litigated" and therefore cannot be the basis for collateral estoppel.  *See* D.I. 11 at 8-11.  Nor has Merial addressed the binding Federal Circuit precedent cited by Velcera on this point or, for that matter, this Court's statement during closing arguments in the first contempt proceeding that a finding of infringement in the contempt context would not be binding in a separate infringement suit.  *Id.*

the '329 Patent."   D.I. 13-7 ¶ 71.   Merial offered no explanation for failing to include Dr. Witchey's infringement analysis with its moving papers.

As this Court and the Eleventh Circuit (whose precedent controls this issue unrelated to patent law) have previously recognized, "[a]rguments raised for the first time on reply are waived," including alternative arguments.   *Schaefer v. Athens Downtown Dev. Auth.*, 2011 WL 3925093, at *7 (M.D. Ga. Sept. 7, 2011) (Land, J.) (citing *KMS Rest. Corp. v. Wendy's Int'l, Inc.*, 361 F.3d 1321, 1328 n.4 (11th Cir. 2004).   The Eleventh Circuit in *KMS* made this point clear:   "In its reply brief . . . , [the party] pressed for the first time in this Court [an] alternative argument . . . . *Because that argument was not made in [the party's] original brief, it is waived*." 361 F.3d at 1328 n.4 (emphasis added).[2]

Other courts have routinely limited parties to arguments actually raised in the moving papers.   In fact, one district court address this precise issue in the context of a preliminary injunction motion in a patent case—holding that new arguments raised in a reply supported by new declarations are waived:

> [A]fter [Defendant] identify[ied] deficiencies in the Motion for Preliminary Injunction, [Plaintiff] added new facts, evidence, and argument in Reply. . . .
>
> It is well established that new arguments and evidence presented for the first time in Reply are waived.   [Plaintiff's] Reply raises new evidence and argument regarding . . . claim construction. [Plaintiff] submits extensive supplemental declarations from . . . its . . . expert witness. *These declarations address issues which should have been addressed in the opening brief, and the new evidence is inappropriate for Reply*.   The scope of new evidence is too extensive to remedy by merely allowing supplemental briefing.

---

[2] *See also In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented in a party's initial brief or raised for the first time in the reply brief are deemed waived."); *Conn. State Dental Ass'n v. Anthem Health Plans, Inc*., 591 F.3d 1337, 1351 n.11 (11th Cir. 2009) ("Because they raised this argument for the first time in their reply brief, we treat this argument as waived."); *Amhil Enters. Ltd. v. Wawa, Inc.*, 81 F.3d 1554, 1563-64 (Fed. Cir. 1996) ("[A]n issue not raised by [a party] in its opening brief . . . is waived.").

*Docusign, Inc. v. Sertifi, Inc.*, 468 F. Supp. 2d 1305, 1307 (W.D. Wash. 2006) (denying motion for preliminary injunction) (emphasis added; citation omitted); *see also CHM Indus., Inc. v. Structural & Steel Prods., Inc.*, 2008 WL 4693385, at *4 (N.D. Tex. Oct. 24, 2008) (denying motion for preliminary injunction where "[p]laintiffs did not include th[e] evidence with their original motion for injunction" but instead "raised [it] for the first time in a reply brief"); *Protect Lake Pleasant, LLC v. Johnson*, 2007 WL 1486869, at *6 n.4 (D. Ariz. May 21, 2007) (motion denied—"Plaintiffs . . . argue for the first time in their reply memorandum that a preliminary injunction should issue on [a new basis].  Because Plaintiffs originally decided to focus their arguments on [another basis] to the exclusion of other issues . . . , the Court will limit its analysis . . . . [to] those [arguments] on which Plaintiffs' motion is actually based.") (citing *Corson & Gruman Co. v. NLRB*, 899 F.2d 47, 50 n.4 (D.C. Cir. 1990) ("requir[ing] [moving parties] to raise all of their arguments in the opening brief to prevent 'sandbagging' of [the other side] and to provide opposing counsel the chance to respond")).

The fact that Merial relies on data submitted during patent prosecution (the Marchiondo declaration submitted during patent prosecution) does not excuse its stonewalling.  "Moving parties are *not* allowed to wait until their reply . . .  to advance arguments and provide expert support for their positions, *even if the underlying data is in the opposing party's possession*." *Lang v. Kan. City Power & Light Co.*, 199 F.R.D. 640, 653 (W.D. Mo. 2001) (emphasis added) (striking expert report submitted with reply brief); *see also Meijer, Inc. v. Warner Chilcott Holdings Co. III, Ltd.*, 246 F.R.D. 293, 311 n.18 (D.D.C. 2007) ("[T]he Court shall ignore the analysis and arguments raised in [the] Expert Report, and referenced in . . . Plaintiffs' Reply, to the extent that they go beyond the analysis and arguments offered in [the] initial [moving papers], and shall accordingly grant Defendants' Joint Motion to Strike.").

Merial's belated effort to have Dr. Witchey testify on the merits infringement smacks of gamesmanship designed to prejudice Velcera.  Accordingly, the Court should strike the paragraphs of Dr. Witchey's expert report and declaration that relate to patent infringement, as identified above and in the attached proposed order.  Merial decided to rest its infringement theory on collateral estoppel, and it must be held to that decision.

To be clear, Velcera is not moving to exclude expert testimony on the issue of patent validity (although Merial should have addressed this issue in its moving papers as well).  Nor is Velcera attempting to bar Merial from offering testimony about the Marchiondo declaration submitted during patent prosecution to the extent it pertains to patent invalidity.  But, as Velcera noted in its opposition brief, the Marchiondo declaration cannot support a showing of enablement or written description because Dr. Marchiondo conducted his testing well after the patent application was filed.  D.I. 11 at 20, 23.  Merial did not dispute this statement of the law (and, in any event, waived its right to do so).  But Dr. Marchiondo's data *is* relevant in this proceeding to the extent its *disproves* that the enablement and written description requirements were satisfied.  *See* D.I. 11-3 (Shoop Decl.) ¶¶ 152-158, 163-66.  All testimony about Dr. Marchiondo's data and declaration should be viewed in this context.[3]

---

[3] Merial also made a partial production of data relating to Dr. Marchiondo's declaration.  Velcera has asked for a complete production, but Merial has refused that request so far.  Velcera reserves the right to object to any use of these newly produced data at the hearing.  Velcera also notes that Merial's reply brief misstates the burden of proof on issues of patent invalidity by implying that Velcera must prove its defenses by "clear and convincing evidence." D.I. 13 at 8 (citing *Titan Tire Corp. v. Case New Holland, Inc*., 566 F.3d 1372 (Fed. Cir. 2009)).  As the Federal Circuit repeatedly made clear in *Titan*, "the 'clear and convincing' standard regarding the challenger's evidence applies *only at trial* on the merits, *not* at the preliminary in-junction stage."  566 F.3d at 1379-80 (emphasis added); *see also Altana Pharma AG v. Treva Pharm. USA, Inc.*, 566 F.3d 999, 1006 (Fed. Cir. 2009) ("*Vulnerability* is the issue at the preliminary injunction stage, while validity is the issue at trial.  In resisting a preliminary injunction . . . one need *not* make out a case of actual invalidity[.]") (emphasis added; citations omitted).

## II.     The Court Should Limit Merial's Redundant Expert Testimony and Limit Examination Times.

In an obvious attempt to waste time at the hearing and prevent Velcera from presenting its defenses, Merial has identified multiple expert witnesses to testify on identical issues:

| Issue | Witnesses Identified |
|---|---|
| Testing by Dr. Marchiondo | Clark, Witchey, Rust |
| Obviousness | Clark, Rust, Witchey |
| Secondary considerations of nonobviousness | Clark, Witchey |
| Compliance with 35 U.S.C. § 112 | Clark, Witchey |

Testimony from these witnesses on the same issues would be needlessly cumulative and waste substantial time.  *See* Fed. R. Evid. 403 (permitting the Court to exclude evidence for "undue delay, wasting time," or if it is "needlessly . . . cumulative").

Although Velcera's counsel asked Merial's counsel to identify which experts will testify on which topics, Merial's counsel refused to specify.  Accordingly, Velcera respectfully requests that the Court limit redundant testimony and order Merial, by the close of business today, to disclose the expert(s) it plans to call for each topic listed above.

In addition, considering that the preliminary injunction hearing will only last two days and thus will be, by its nature, a "preliminary" inquiry into the relevant issues, Velcera requests that the Court limit each party's total examination time for witnesses (including both direct and cross-examinations, but excluding questioning from the Court) to 5.5 hours.  Such a division would be a fair way to ensure both sides have an equal opportunity to elicit relevant testimony.

## III.    The Court Should Strike The Declaration Of Donald Schwartz.

Merial's counsel has indicated that Merial will not call Donald Schwartz to testify at the hearing.  Velcera will thus have no opportunity to cross-examine Mr. Schwartz on the opinions he offers in his declaration.  *See* D.I. 13-9 App. I.  Accordingly, the Court should strike Mr. Schwartz's declaration as inadmissible hearsay.  *See* Fed. R. Evid. 801, 802; *see also S. Cent.*

*Petroleum, Inc. v. Long Bros. Oil Co.*, 974 F.2d 1015, 1018 (8th Cir. 1992) (noting that while experts may sometimes rely on hearsay in forming opinions, "the hearsay evidence itself remains inadmissible") (citing Fed. R. Evid. 703).


Dated:  June 19, 2012

Respectfully Submitted,

*s/ Thomas F. Gristina*

George C. Lombardi (of counsel)
(glombardi@winston.com)
Maureen L. Rurka (of counsel)
(mrurka@winston.com)
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703
Tel.: (312) 558-5600

Charles B. Klein (of counsel)
(cklein@winston.com)
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
Tel.: (202) 282-5977

William L. Tucker
(wlt@psstf.com)
Ga. Bar No. 718050
James C. Clark, Jr.
(jcc@psstf.com)
Ga. Bar No. 127145
Thomas F. Gristina
(tfg@psstf.com)
Ga. Bar No. 452454
Kirsten C. Stevenson
(kcs@psstf.com)
Ga. Bar No. 801101
1111 Bay Avenue, Third Floor
Columbus, GA 319021
Tel: (706) 324-0251

Michael S. French
(mfrench@wargofrench.com)
Ga. Bar No. 276680
999 Peachtree Street, NE
26th Floor
Atlanta, Georgia 30309
Tel.: (404) 853-1500

*Attorneys for Defendants Velcera, Inc. and FidoPharm, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of June, 2012, the foregoing MOTIONS (1) TO STRIKE PORTIONS OF THE EXPERT REPORT AND DECLARATION OF LEONORE C. WITCHEY-LAKSHMANAN, (2) TO BAR REDUNDANT TESTIMONY, (3) TO LIMIT EXAMINATION TIME, AND (4) TO STRIKE DECLARATION OF DONALD SCHWARTZ were filed electronically with the Clerk of Court using the CM/ECF system, which will provide notification of this filing to all attorneys of record.

/s/ Thomas F. Gristina
Thomas F. Gristina
tfg@psstf.com
Ga. Bar No. 452454
1111 Bay Avenue, Third Floor
Columbus, GA 319021
 (706) 324-0251

Attorney for Defendants Velcera, Inc. and
FidoPharm, Inc.